HOUSTON, Justice
(concurring specially).
I concur.
I write only to address the last point made in the opinion of the Court of Civil Appeals:
“Finally, we note that § 40-18-35 has twice been recodified without change. Such reenactment without change is indicative of the legislature’s approval of the method by which the statute has been interpreted and administered.”
I cannot agree that reenactment without change is any more indicative of legislative intent than is failure to enact legislation; and I agree with Justice Scalia, who, in his dissent in Johnson v. Transportation Agency, 480 U.S. 616, 107 S.Ct. 1442, 1473, 94 L.Ed.2d 615 (1987), wrote:
“[0]ne must ignore rudimentary principles of political science to draw any conclusions regarding that intent from the failure to enact legislation. The ‘complicated check on legislation,’ The Federalist No. 62, p. 378 (C. Rossiter ed. 1961), erected by our Constitution creates an inertia that makes it impossible to assert with any degree of assurance that congressional failure to act represents (1) approval of the status quo, as opposed to (2) inability to agree upon how to alter the status quo, (3) unawareness of the status quo, (4) indifference to the status quo, or even (5) political cowardice.”
There is substantially that same complicated check on legislation in the Legislature of Alabama as in the Congress of the United States, with the exception that the Legislature of Alabama is never guilty of “political cowardice.”